UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JOHN WILLARD JAMES** | **CASE NO. 5:23-CV-01720** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DG LOUISIANA, LLC** | **MAG. JUDGE HORNSBY** |

**MEMORANDUM RULING AND ORDER**

Before the Court is a Partial Motion for Summary Judgment on Medical Causation filed by the Plaintiff, John Willard James ("James").[1] The Defendant, D.G. Louisiana, LLC, ("Dollar General") opposes the motion.[2] James replied to Dollar General's opposition.[3] The motion has been fully briefed and is ripe for the Court's review.

**I.     BACKGROUND**

This is a premises liability suit filed by James against Dollar General. On August 17, 2022, James entered Dollar General (Store No. #12806) in Many, Louisiana, and attempted to purchase goods.[4] Realizing that he did not have enough money to pay for his items, James exited the store to retrieve more money from his car.[5] James alleges that, upon his reentry, he tripped over a wrinkled door mat at the threshold of the store causing him to fall and sustain injuries.[6]

James visited Dr. Russell Stuerman[7] of WK Spine and Pain Specialists in Shreveport, Louisiana, on August 27, 2022.[8] Dr. Stuerman diagnosed James with (1) greater trochanteric

---

[1] R. Doc. 18.
[2] R. Doc. 21.
[3] R. Doc. 22.
[4] R. Doc. 1-1, ¶ 3.
[5] R. Doc. 1-1, ¶ 3.
[6] R. Doc. 1-1, ¶ 3.
[7] James varies the spelling of Stuerman throughout his motion (also, "Stuermann"); the Court will apply the former.
[8] R. Doc. 18, p.1-2.

bursitis, an injury to the hip, and (2) cervical spondylosis, an injury to the neck. Further, Dr. Stuerman provided James with treatments to relieve pain associated with his injuries and recommended future treatments to James. Specifically, Dr. Stuerman performed at least five steroid injections to James' right hip and recommended that James continue to receive these injections "for the indefinite future."[9] Dr. Stuerman also recommended medial branch blocks and radiofrequency ablations as future treatment for James' neck injury.[10]

James filed the present action in the 11th Judicial District Court in Sabine Parish, Louisiana. Dollar General subsequently removed the matter to this Court on the basis of diversity jurisdiction. James filed the instant motion on December 8, 2024, asserting that there is no genuine dispute that his fall in Dollar General's store caused his hip and neck injuries and the need for related treatments. Dollar General opposes the motion pointing to numerous disputes regarding the cause and extent of James' injuries.

## II. LAW

### a. Summary Judgment.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact impacts the outcome of a lawsuit and can be identified through substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could render a verdict for the nonmoving party." *Id*. The court considers "all evidence in the light most favorable to the party resisting the motion." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011) (internal quotation marks and citation omitted).

---

[9] R. Doc. 18-1, p.2.
[10] R. Doc. 18, p.2.

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this burden, the nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Conclusory allegations and unsubstantiated assertions will not satisfy the [nonmoving party's] burden." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). In deciding a motion for summary judgment, the district court will not "evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (internal citations omitted).

    **b. Causation.**

A federal court sitting in diversity jurisdiction employs the substantive law of the forum state. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). Thus, Louisiana law regarding causation applies.

A plaintiff in a personal injury lawsuit "bears the burden of proving [by a preponderance of the evidence] a causal relationship between the injury sustained and the accident which caused the injury." *Maranto v. Goodyear Tire & Rubber Co.*, 650 So. 2d 757, 759 (La. 1995) (internal citations omitted). To determine this causal relationship, a plaintiff must "prove[] through medical or lay testimony that it is more probable than not that the subsequent injuries were caused by the accident." *Kliebert v. Breaud*, 134 So. 3d 23, 28 (La. App. 5th Cir. 2014). "Proof by direct or circumstantial evidence is sufficient to constitute a preponderance . . . that the fact or causation sought to be proved is more probable than not." *Lasha v. Olin Corp.*, 625 So. 2d 1002, 1005 (La.

1993) (internal citation omitted). However, "[e]xpert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge." *Kliebart*, 134 So. 3d at 28.[11] Nevertheless, "[c]ausation is an issue of fact that is generally decided at trial on the merits." *Est. of Adams v. Home Health Care of La.*, 775 So. 2d 1064, 1064 (La. 2000).

### III. ANALYSIS

In his motion for partial summary judgment, James asks the Court to conclude that his fall in Dollar General's store caused his neck and hip injuries and necessitated treatment for those injuries. As established by *Maranto*, James bears the burden of proving the causal relationship between his fall at Dollar General and the injuries he sustained to his neck and hip. James cites to Dr. Stuerman's diagnosis of his injuries as the basis of summary judgment on medical causation. Dr. Stuerman diagnosed James with a hip injury and a neck injury and found that James had "no medical history…with respect to [his] neck or hip" prior to his fall on August 17, 2022. James asserts that Dr. Stuerman's diagnoses and treatments, paired with the absence of any pre-existing conditions, proves that James' fall in Dollar General caused his hip and neck injury. Curiously, James includes that Dr. Stuerman "opined that the [fall] *aggravated [James'] neck diagnosis*."[12]

In its opposition, Dollar General asserts that summary judgment with respect to medical causation is improper because there are material facts in dispute. Dollar General disputes the key fact that one of its floor mats even caused James' fall. Dollar General asserts that there are no facts in the record to support James' allegation that he fell due to a wrinkled floor mat. Dollar General

---

[11] *E.g., Vicknair v. Pfizer, Inc.*, No. CV 20-2705, 2021 WL 2554935, at *2 (E.D. La. June 22, 2021) ("When the issue of medical causation is complex and not within the knowledge of an ordinary lay person, both the Fifth Circuit and the Louisiana Supreme Court hold that plaintiff must submit expert testimony to prove causation."); *Hebert v. Miles Pharms.*, No. CV 92-4290, 1994 WL 10184, at *4 (E.D. La. Jan. 13, 1994) (explaining how cases involving complex issues of medical causation are outside of an ordinary juror's experience and knowledge).
[12] R. Doc. 18, p.2. (*emphasis added*).

also asserts that summary judgment is improper because there is a genuine issue of material fact as to whether James had preexisting injuries.

First, Dollar General challenges James' neck injury and cites James' medical record from the Department of Veterans Affairs ("VA"), dated March 10, 2022 – months before his fall. Specifically, Dollar General refers to James' list of "Active Problems/Past Medical History," which includes "[list item] 23. Cervical spondylosis without myelopathy."[13] In his deposition, Dr. Stuerman characterized cervical spondylosis as a "degenerative process" that can be worsened by trauma.[14] Given that James was diagnosed with the degenerative disease months before his fall, Dollar General contends that James' fall, if anything, aggravated a pre-existing condition and does not establish a causal relationship between his fall and his injury.

Second, Dollar General disputes medical causation of James' hip injury. Dollar General asserts, citing the same Veterans' Affairs medical record, that James had "bilateral hip pain" which required him to attend physical therapy months before he fell in Dollar General's store.[15] Dollar General argues that summary judgment on the issue of medical causation would hinder its ability to attack James' history of issues relating to his neck and hip; a history which formed the basis of Dr. Stuerman's opinion.

James counters that without medical testimony, the medical records from the VA alone do not provide the contextual circumstances for the documented cervical spondylosis or hip pain; thus these records do not create a genuine issue of fact.

In the Court's view, the documented pre-existing hip and neck conditions reflected in the VA medical records could lead reasonable minds to differ as to the extent of the causal relationship,

---

[13] R. Doc. 21-1, p.2-3. Cervical spondylosis is a general term conditions affecting the spinal vertebrae, disks, and surrounding tissue of the neck. *Stedmans Medical Dictionary, 840420.*
[14] R. Doc. 18-3, p.16.
[15] R. Doc. 21, p.6. *See also* R. Doc. 21-2, p.4-7.

if any, between James' fall and his resulting injuries. Particularly, given that Dr. Stuerman's opinion is based, at least in part, on James' lack of a pre-accident medical history. This is a case where causation is better left to the trier of fact and summary judgment is not appropriate.

## IV.     CONCLUSION

For the foregoing reasons, James' Motion for Partial Summary Judgment on Medical Causation (Doc. 18) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 14th day of February, 2025.

**JUDGE JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT COURT**